UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ANTHONY GHAFFARI,

 Plaintiff,

  v.

WELLS FARGO BANK, N.A., *et al.*,

 Defendants.

Civil Action No. 13-115 (JEB)

## MEMORANDUM OPINION

*Pro se* Plaintiff Anthony Ghaffari has filed this suit against the Federal Home Loan Mortgage Association, Wells Fargo Bank, and Phelan Hallinan, LLP, which acted as Wells Fargo's counsel in an earlier action against Plaintiff in the Pennsylvania Court of Common Pleas for Centre County. Phelan now moves to dismiss for lack of personal jurisdiction and failure to state a claim. As the Court agrees that it lacks personal jurisdiction over Phelan, it will grant the Motion.

**I. Background**

Plaintiff's suit arises from foreclosure proceedings in Pennsylvania. The factual allegations set forth in the Complaint are as follows: In January 2012, Plaintiff fell behind on mortgage payments to Wells Fargo. See Compl. at 4. He contacted a loan-service officer, who informed him that in order to qualify for a loan modification, Plaintiff needed to remain at least 90 days in arrears. Id. at 5. Although he remained in arrears for 90 days and provided the loan specialist with all the information she had requested, in March 2012 he was nevertheless informed that he was not eligible for a loan modification. Id. The specialist then told him that his file had been sent to an attorney (presumably at Phelan) for foreclosure proceedings. Id. at 5-

6. Plaintiff tried unsuccessfully to speak with attorneys at Phelan and representatives of Wells Fargo to avoid these proceedings. Id. at 6-7. Phelan, nevertheless, filed a foreclosure action on behalf of Wells Fargo against Plaintiff in the Centre County Court of Common Pleas in central Pennsylvania. Id. at 7-8.

Plaintiff's Complaint here focuses on Wells Fargo. He first claims that the bank violated several terms of a Consent Judgment issued in 2012. See id. at 9-12 (citing Consent Judgment, ECF No. 14, United States v. Bank of America, No. 12-cv-00361 (D.D.C. Apr. 4, 2012)). Plaintiff next alleges that Wells Fargo "failed to offer or make Plaintiff aware of counseling offered by the U.S. Department of Housing and Urban Development" in violation of 12 U.S.C. § 1701x(c)(5). See id. at 13. Finally, Plaintiff asserts that Wells Fargo failed to comply with certain unspecified provisions of an unidentified Pooling and Servicing Agreement. Id. at 13-15. Plaintiff's only allegations against Phelan are: (1) that it "was aware the Mortgage Complaint was violating the Federal Consent Agreement" and (2) that the mortgage information in Phelan's original foreclosure complaint conflicts with unspecified "sworn testimony" of Phelan. Id. at 8, 12.

## II. Legal Standard

Under Federal Rule of Civil Procedure 12(b)(2), a defendant may move to dismiss a suit if the court lacks personal jurisdiction over it. The plaintiff bears the burden of establishing personal jurisdiction, FC Inv. Group LC v. IFX Markets, Ltd., 529 F.3d 1087, 1091 (D.C. Cir. 2008), and the requirements for personal jurisdiction "must be met as to each defendant." Rush v. Savchuk, 444 U.S. 320, 332 (1980). In deciding whether the plaintiff has shown a factual basis for personal jurisdiction over a defendant, the court resolves factual discrepancies in favor of the plaintiff. Crane v. N.Y. Zoological Soc'y, 894 F.2d 454, 456 (D.C. Cir. 1990). When

personal jurisdiction is challenged, "the district judge has considerable procedural leeway in choosing a methodology for deciding the motion." 5B Charles A. Wright & Arthur R. Miller *et al.*, Federal Practice and Procedure § 1351 (3d ed. 2004). The court may rest on the allegations in the pleadings, collect affidavits and other evidence, or even hold a hearing. See id.

**III.   Analysis**

Phelan makes a number of arguments in support of dismissal, but the Court need only address the issue of personal jurisdiction, which Phelan correctly claims is lacking here. A court may exercise two forms of personal jurisdiction over a nonresident defendant: general and specific. General jurisdiction exists where a nonresident defendant maintains sufficiently systematic and continuous contacts with the forum state, regardless of whether those contacts gave rise to the claim in the particular case. See Helicopteros Nacionales de Colombia, S.A. v. Hall, 466 U.S. 408, 414-15 & n.9 (1984). "[B]ecause general jurisdiction is not related to the events giving rise to the suit, courts impose a more stringent minimum contacts test than for specific jurisdiction." Gorman v. Ameritrade Holding Corp., 293 F.3d 506, 510 n.2 (D.C. Cir. 2002) (citation and internal quotation marks omitted). As a result, "[u]nder the Due Process Clause, such general jurisdiction over a foreign corporation is only permissible if the defendant's business contacts with the forum are continuous and systematic." FC Inv. Group, 529 F.3d at 1091-92 (internal quotation marks and citations omitted). In this case, Plaintiff makes no allegation (in either his Complaint or his Opposition to the Motion to Dismiss) that Phelan has had any contacts with this forum. Phelan, moreover, has submitted a declaration by a partner of the firm to the effect that Phelan practices solely in Pennsylvania and has no contacts with the District of Columbia. See Mot., Att. 2 (Decl. of Judith T. Romano), ¶¶ 1, 11-12. This Court, therefore, cannot exercise general jurisdiction over Phelan.

3

Specific jurisdiction, conversely, exists where a claim arises out of the nonresident defendant's contacts with the forum. See Helicopteros, 466 U.S. at 414 n.8; see also United States v. Ferrara, 54 F.3d 825, 828 (D.C. Cir. 1995). "A plaintiff seeking to establish specific jurisdiction over a non-resident defendant must establish that specific jurisdiction comports with the forum's long-arm statute and does not violate due process." FC Inv. Group, 529 F.3d at 1094-95 (citation and internal citation omitted). The long-arm statute of the District of Columbia extends personal jurisdiction over a nonresident defendant where a claim arises from the defendant's

> (1) transacting any business in the District of Columbia;
> (2) contracting to supply services in the District of Columbia;
> (3) causing tortious injury in the District of Columbia by an act or omission in the District of Columbia;
> (4) causing tortious injury in the District of Columbia by an act or omission outside the District of Columbia if [the defendant] regularly does or solicits business, engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed, or services rendered, in the District of Columbia;
> (5) having an interest in, using, or possessing real property in the District of Columbia;
> (6) contracting to insure or act as surety for or on any person, property, or risk, contract, obligation, or agreement located, executed, or to be performed within the District of Columbia at the time of contracting, unless the parties otherwise provide in writing; or
> (7) marital or parent and child relationship in the District of Columbia . . . .

D.C. Code § 13-423(a) (2012). In order to comport with due process, a nonresident defendant must have "certain minimum contacts with [the forum state] such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice." Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (citations and internal quotation marks omitted). Those guarantees are satisfied "if the defendant has 'purposefully directed' his activities at residents of the forum," Burger King Corp. v. Rudzewicz, 471 U.S. 462, 472 (1985) (quoting Keeton v. Hustler Magazine, Inc., 465 U.S. 770, 774 (1984)), and if "the litigation results from alleged

4

injuries that 'arise out of or relate to' those activities." Id. (quoting Helicopteros, 466 U.S. at 414).

The filings demonstrate that no specific jurisdiction exists here either. Again, Plaintiff makes no allegation in his Complaint or Opposition that Phelan had any contacts – either related to this claim or otherwise – with the District of Columbia. Plaintiff merely states that this Court "has jurisdiction to enforce its own order," which refers to the Consent Judgment, to which Phelan was not a party. Opp. at 5-6. At the end of the day, Plaintiff cannot prevail where he points to no contacts between Phelan and the District of Columbia.

**IV.     Conclusion**

Because the Court lacks personal jurisdiction over this Defendant, the Court will grant Phelan's Motion to Dismiss. A separate Order consistent with this Memorandum Opinion shall issue this date.

*/s/ James E. Boasberg*
JAMES E. BOASBERG
United States District Judge

Date:  April 5, 2013